Jefferson W. Gross (#8339)
jwgross@grossrooney.com
Seamus W. Appel (#17783)
seamus@grossrooney.com
GROSS & ROONEY
136 East South Temple, Suite 1500
Salt Lake City, UT 84111
Telephone: 801-935-4611
Facsimile: 801-935-4612

George R. Wentz, Jr. (*Admitted Pro Hac Vice*)
gwentz@davillierlawgroup.com
DAVILLIER LAW GROUP, LLC
935 Gravier Street, Suite. 1702
New Orleans, LA 70112
Telephone: 208-920-6140
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| DEVAN GRINER, MD, <br><br> Plaintiff, <br><br>     v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as the President of the United States of America; <br><br> THE UNITED STATES OF AMERICA; <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; <br><br> XAVIER BECERRA in his official capacity as Secretary of the United States Department of Health and Human Services; <br><br> CENTERS FOR MEDICARE AND MEDICAID SERVICES; | **PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND IN OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** <br><br><br> Case No. 2:22-cv-00149-DAK <br> Judge Dale A. Kimball |

1

|  |  |
|---|---|
| CHIQUITA BROOKS-LASURE in her official capacity as Administrator for the Centers for Medicare and Medicaid Services; | |
| MEENA SESHAMANI in her official capacity as Deputy Administrator and Director of Center for Medicare; and | |
| DANIEL TSAI in his official capacity as Deputy Administrator and Director of Center for Medicaid and CHIP Services; | |
| Defendants. | |

COMES NOW Plaintiff, Dr. Devan Griner, by and through his undersigned attorneys, pursuant to Fed. R. Civ. P. 7(b) and DUCivR 7-1(a)(1), and hereby moves this Court for leave to supplement the record in support of Plaintiff's Motion for Preliminary Injunction (Dkt. 17) and in response to Defendant's Motion to Dismiss (Dkt. 19) (collectively, the "motions"), specifically to consider two additional exhibits: first, an exhibit of newly released emails procured from the Centers for Disease Control and Prevention ("CDC") via a Freedom of Information Act request detailing the change of the definition of "vaccine" on the CDC website in and around September 2021; and second, an excerpt of an interview White House chief medical advisor Dr. Anthony Fauci gave with Fox News on Tuesday, July 12, 2022, in which he admitted the vaccines "don't protect overly well, as it were, against infection."

This motion is made on the grounds that Plaintiff's critical argument concerns the factual distinction between a vaccine and a treatment, and the internal emails from the CDC addressing the re-definition provide substantial evidence in support of Plaintiff's well-pled allegations. Dr. Fauci's statement demonstrates another credentialed government source supporting Plaintiff's argument that the COVID-19 injections are therapeutic (i.e., reduce symptoms) rather than prophylactic (i.e., reduce transmission or infection), and are thus treatments and not vaccinations.

2

The emails and statements bolster the balance of equities in favor of Plaintiff's argument for preliminary injunction, while further illustrating that Plaintiff should be afforded the opportunity to argue his case upon the merits.

**MEMORANDUM OF LAW**

Courts have broad discretion in determining whether to grant a motion to supplement the record. Supplementation "should be allowed when it will not unduly interfere with the adjudication process," but "parties cannot be allowed to simply submit information on an ad hoc basis at their leisure," and must therefore have "a sufficient reason for not submitting the information on a timely basis,"—that is, in advance of the motions. *Interstate Fire & Cas. Co. v. Apartment Mgmt. Consultants*, No. 13-CV-00278-ABJ, 2015 U.S. Dist. LEXIS 184720, at *6-7 (D. Wyo. May 29, 2015) (concerning a supplementation of the record for a pending motion for summary judgment). In the absence of any authority "directly on point with respect to this Court's ability to entertain later-discovered evidence," the matter is "squarely within [the court's] discretion." *Lassen Mun. Util. Dist. v. Kinross Gold U.S.A., Inc.*, No. 2:11-cv-00255-MCE-CMK, 2013 U.S. Dist. LEXIS 31901, at *4 (E.D. Cal. Mar. 6, 2013) (unpublished opinion, discussing supplementation for a pending motion for summary judgment). "[T]he general purpose of the Rules to minimize technical obstacles to a determination of the controversy on its merits." *United States use of Atkins v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963) (addressing Rule 15(d) supplemental pleadings).

    1.       **The CDC Emails.**

On July 11, 2022 (five days after oral argument concluded on the motions), the newspaper The Epoch Times published an article detailing that they had received, by way of a Freedom of Information Act request, sixty-seven pages of emails from the CDC regarding the decision by CDC employees to change the agency's definition of "vaccine" and "vaccination." *See generally*

Proposed Motion for Preliminary Injunction Exhibit D, *CDC Emails from Freedom of Information Act Request*, at pp. 8, 22. The emails recount that, as alleged in Plaintiff's complaint, the CDC explicitly acted in response to claims by numerous members of the public that the COVID-19 injections did not fit the CDC's then-existing definition for vaccines. Ex. D., at 3. The emails demonstrate how, after some discussion, CDC employees reworked the agency's definition of "vaccine" and "vaccination" to eliminate the word, "immunity," referring to the original definition as "too-narrow." *Id.* at 6, 8, 22.

Although the conclusions reached by the agency were previously known, this newly-disclosed email chain sheds light on the internal thinking of the CDC in reaching its decision to change the definitions of "vaccine" and "vaccinated."  In one email, CDC employee Alycia E. Downs writes, "The definition of vaccine we have posted is problematic and people are using it to claim the COVID-19 vaccine is not a vaccine based on our own definition." Ex. D at 27.  However, the fallout from the change leads to further questions from the press and public.  *See, e.g., id*. at 19, 22.  Agency employees then coordinate messaging with a "fact-checker" from the Washington Post, endorsing the author's view that "it's probably better to use 'protection' than 'immunity'—given that people don't seem to understand what 'immunity' actually means." *Id*. at 40.

In other words, the word "immunity" itself had become problematic because the public was too stupid to understand what it meant.  So, our public health bureaucrats decided to do away with it.  But public policy must be guided by a mutual understanding of the meaning of words, otherwise the very premise of *Jacobson v. Massachusetts*, 195 U.S. 11 (1905) and its progeny—the promotion of "the common good" (195 U.S. at 26-27)—is necessarily undermined.  How can anyone know what is "the common good" if we cannot even agree on what words mean?

This newly-discovered email chain further confirms what Plaintiff has alleged from the beginning:

> The Injections do not confer immunity but are claimed to reduce the severity of symptoms experienced by those infected by SARS-CoV-2. They are, therefore, treatments and not vaccines as that term has always been defined in the law.

Complaint (ECF 2), ¶5.iv and ¶¶44-55, 83-84.

### 2.    Dr. Fauci's Interview.

On July 12, 2022, Dr. Anthony Fauci, White House chief medical advisor, gave an interview to Neil Cavuto of Fox News in which he stated the following:

> One of the things that's clear from the data [is] that even though vaccines - because of the high degree of transmissibility of this virus - don't protect overly well, as it were, against infection, they protect quite well against severe disease leading to hospitalization and death. And I believe that's the reason, Neil, why at my age, being vaccinated and boosted, even though it didn't protect me against infection, I feel confident that it made a major role in protecting me from progressing to severe disease. And that's very likely why I had a relatively mild course. So my message to people who seem confused because people who are vaccinated get infected - the answer is if you weren't vaccinated, the likelihood [is] you would have had [a] more severe course than you did have when you were vaccinated.

Proposed Motion for Preliminary Injunction Exhibit E, *Dr. Fauci: COVID-19 vaccines do not protect 'overly well' against infection*, at 1.

Dr. Fauci's statement clearly articulates Plaintiff's point regarding the question of whether the COVID-19 injections may properly be characterized as a treatment or as a vaccine: they do not protect against infection or prevent transmission, which is the public health justification in *Jacobson* that vindicated the imposition of vaccination mandates by state actors. Rather, Dr. Fauci notes that "[the injections] didn't protect [him] against infection" but played "a major role in protecting [him] from progressing to severe disease," demonstrating the efficacy of the injections

5

as a medical treatment governed by *Cruzan* and progeny. *Ibid.* Plaintiffs do not challenge the efficacy of the COVID-19 injections to treat severe disease caused by the SARS-CoV-2 virus, but rather argue that to read *Jacobson* and *Cruzan* harmoniously, Plaintiffs must be permitted to present evidence demonstrating that the COVID-19 injections are not vaccines as that term has been understood and assumed to mean since *Jacobson*.

## **CONCLUSION**

The argument—whether the COVID-19 injections are a treatment or a vaccine, and where the line between the two has been drawn in law and in the common colloquial—is a critical issue in this matter, and these new-released emails and statements by Dr. Fauci should therefore be considered by the Court in reaching a decision on the pending motions. Therefore, Plaintiff respectfully requests that the Court grant leave to supplement the record with the appended Proposed Exhibits "D" and "E".

DATED this 13th day of July, 2022.

**GROSS & ROONEY**

/s/ *Jefferson W. Gross*
Jefferson W. Gross

**DAVILLIER LAW GROUP, LLC**

/s/ *George R. Wentz, Jr.*
George R. Wentz, Jr. (*Admitted Pro Hac Vice*)

*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

THE UNDERSIGNED certifies that copies of the foregoing were served upon the persons named below, in the manner indicated, on the 13th day of July, 2022.

Patrick C. Burt                                    [  ] U.S. Mail
pburt@kippandchristian.com          [  ] Federal Express
KIPP & CHRISTIAN, P.C.                [  ] Hand Delivery
257 East 200 South, Suite 600        [  ] Telefacsimile
Salt Lake City, Utah 84111              [  ] E-mail
*Attorneys for Defendants*              [X] Electronic


/s/ Dana Marie Schanuel