Jefferson W. Gross (#8339)
jwgross@grossrooney.com
Seamus W. Appel (#17783)
seamus@grossrooney.com
GROSS & ROONEY
136 East South Temple, Suite 1500
Salt Lake City, UT 84111
Telephone: 801-935-4611
Facsimile: 801-935-4612

George R. Wentz, Jr. (*Admitted Pro Hac Vice*)
gwentz@davillierlawgroup.com
DAVILLIER LAW GROUP, LLC
935 Gravier Street, Suite. 1702
New Orleans, LA 70112
Telephone: 208-920-6140
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEVAN GRINER, MD,<br><br>Plaintiff,<br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as the President of the United States of America;<br><br>THE UNITED STATES OF AMERICA;<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;<br><br>XAVIER BECERRA in his official capacity as Secretary of the United States Department of Health and Human Services;<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES; | **PLAINTIFF'S SECOND MOTION TO SUPPLEMENT THE RECORD IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND IN OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:22-cv-00149-DAK<br>Judge Dale A. Kimball |

1

| |
|---|
| CHIQUITA BROOKS-LASURE in her official capacity as Administrator for the Centers for Medicare and Medicaid Services; <br><br> MEENA SESHAMANI in her official capacity as Deputy Administrator and Director of Center for Medicare; and <br><br> DANIEL TSAI in his official capacity as Deputy Administrator and Director of Center for Medicaid and CHIP Services; <br><br> Defendants. |

COMES NOW Plaintiff, Dr. Devan Griner, by and through his undersigned attorneys, pursuant to Fed. R. Civ. P. 7(b) and DUCivR 7-1(a)(1), and hereby moves this Court for leave to supplement the record in support of Plaintiff's Motion for Preliminary Injunction (Dkt. 17) and in response to Defendant's Motion to Dismiss (Dkt. 19) (collectively, the "Motions"), specifically to consider one additional exhibit beyond those provided alongside his first Motion to Supplement the Record. This new exhibit is an excerpt of an interview former White House COVID response coordinator Dr. Deborah Birx gave on Friday, July 22, 2022 with Fox News, in which she admitted that she "knew these vaccines were not going to protect against infection."

Plaintiff recognizes the unusual nature of a request to supplement the record for motions already under advisement, and certainly that of a second request for supplementation providing additional information. But nothing about the spread of SARS-CoV-2, its societal effect, or the governmental response to it has been typical, and the revelations provided by Dr. Deborah Birx in this interview provide an especially frank admission by a former United States government official that Plaintiff's key factual allegation has merit. Further, because Dr. Birx made her statement after the filing of the Motion to Supplement the Record and Plaintiff's reply briefing—on July 22, 2022,

2

when the reply brief was filed July 20, 2022—there was no way to bring this information before the Court until present.

## MEMORANDUM OF LAW

Courts have broad discretion in determining whether to grant a motion to supplement the record. In the interest of judicial economy, rather than reiterating the legal basis for Plaintiff's motion, Plaintiff respectfully refers to his argument in the prior Motion to Supplement the Record (Dkt. 28) on that point.

On July 22, 2022, Dr. Deborah Birx, who served as the White House Coronavirus Response Coordinator and part of the White House Coronavirus Task Force under former President Donald Trump from February 2020 to January 2021, gave an interview to Neil Cavuto of Fox News in which she stated the following:

> **I knew these vaccines were not going to protect against infection.** And I think we overplayed the vaccines, and it made people then worry that it's not going to protect against severe disease and hospitalization. It will. But let's be very clear: 50% of the people who died from the Omicron surge were older, vaccinated. So that's why I'm saying even if you're vaccinated and boosted, if you're unvaccinated right now, the key is testing and Paxlovid. It's effective. It's a great antiviral. And really, that is what's going to save your lives right now if you're over 70, which if you look at the hospitalizations, hospitalizations are rising steadily with new admissions, particularly in those over 70. And so if you live in the South - I know people keep talking about the fall - I'm worried about the South.

Proposed Motion for Preliminary Injunction Exhibit F, *Dr. Deborah Birx says she 'knew' COVID vaccines would not 'protect against infection'*, at 1 (emphasis supplied).

Much as Dr. Fauci's statement in proposed exhibit "E" as supplied with the prior Motion to Supplement the Record (Dkt. 28), Dr. Birx acknowledges the key factual reality of the COVID-19 injections: that they do not prevent transmission and infection. However, what distinguishes

3

Dr. Birx's statement from Dr. Fauci's, and what makes this statement worthwhile to separately move this honorable Court, is that Dr. Birx here acknowledges that at least since her tenure as the White House Coronavirus Response Coordinator, ending in January 2021, that the COVID-19 injections were known to not prevent infection. Dr. Birx also acknowledges what Plaintiff agrees: that the COVID-19 injections have the capacity to, alongside other treatments like Paxlovid, reduce the chance of hospitalization and severe disease.

As argued in the prior Motion to Supplement the Record (Dkt. 28) and Plaintiff's Reply supporting the same (Dkt. 31), the factual distinction between a vaccine and a treatment provides the crux of Plaintiff's case. Dr. Birx's open admission that she "knew" the vaccines do not protect against infection and that she and her team "overplayed the vaccines" and made people "worry that [the vaccines were] not going to protect against severe disease and hospitalization" precisely aligns with Plaintiff's case that the COVID-19 injections do not reduce transmission and infection, but instead offer therapeutic benefit. This information heavily weighs in favor of Plaintiff's likelihood of prevailing on the merits and demonstrates the necessity of this case proceeding to discovery to investigate the scientific basis of this statement as well as those statements made by Dr. Fauci and others cited in the complaint and briefing. Plaintiff's case rests upon profound and material factual issues, and Dr. Birx's interview therefore offers vital information to the Court in contemplating both the Motion for Preliminary Injunction and the Motion to Dismiss.

Plaintiff respectfully requests that the Court grant leave to supplement the record with the appended Proposed Exhibit "F".

DATED this 28th day of July, 2022.

**GROSS & ROONEY**

/s/ *Jefferson W. Gross*
Jefferson W. Gross

4

**DAVILLIER LAW GROUP, LLC**

<u>/s/ *George R. Wentz, Jr.*</u>
George R. Wentz, Jr. (*Admitted Pro Hac Vice*)

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      THE UNDERSIGNED certifies that copies of the foregoing were served upon the persons named below, in the manner indicated, on the 28th day of July, 2022.

| | |
|---|---|
| Patrick C. Burt | [ ] U.S. Mail |
| pburt@kippandchristian.com | [ ] Federal Express |
| KIPP & CHRISTIAN, P.C. | [ ] Hand Delivery |
| 257 East 200 South, Suite 600 | [ ] Telefacsimile |
| Salt Lake City, Utah 84111 | [ ] E-mail |
| *Attorneys for Defendants* | [X] Electronic |

                                  */s/ Dana Marie Schanuel*